STATE of Maine

v.

Gerald R. MARIN.

Supreme Judicial Court of Maine.

March 4, 1976.

Thomas E. Delahanty, II, Dist. Atty., Auburn, Coleman G. Coyne, Jr., Asst. Dist. Atty., South Paris, Kevin J. Tierney, Legal Intern, for plaintiff.

Beliveau & Beliveau, P. A., by Albert Beliveau, Jr., Rumford, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, JJ.

PER CURIAM.

Appellant seeks to overturn a judgment of conviction entered on a jury verdict of guilty after trial on an information charging breaking, entering, and larceny (17 M.R.S.A. § 2103).

The reason assigned for the claimed right to have the judgment set aside is that the State, after a discovery motion filed under Rule 16(a), M.R.Crim.P., had been granted, failed to apprise the appellant that an inculpatory statement had been made by him to the sheriff.

The statement was testified to by the sheriff in rebuttal after the appellant had testified.

Appellant seasonably objected to the witness' testimony.

We deny the appeal.

To explain our reason for such denial, we note that after the information had been entered, appellant filed several motions, among which was a motion entitled "Defendant's Motion for Discovery." The motion read, in material part, that the defendant

"moves that the Court order the prosecuting attorney permit the Defendant to inspect and copy or photograph:

"1. All witness or written or recorded statements of conversations made by the Defendant.

"2. All written or recorded statements of witnesses.

"3. Police department reports made with regard to the above entitled matter."

The presiding Justice merely endorsed the bottom of the motion with the notation "Motion granted—copied" and affixed his signature thereto.

The entire prosecution files, including police department reports, were shown to appellant's counsel. Apparently, there were no written or recorded statements of conversations made by the defendant or witnesses, and appellant's counsel was so informed.

The record discloses the State was contending appellant had burglarized the Diamond Match Company warehouse. Also contended was that he had an accomplice in the burglary who was an employee of Diamond Match Company. The State had presented the testimony of the alleged accomplice. Appellant had taken the stand in his defense and had denied he had ever entered the Diamond Match warehouse building "after hours."

In rebuttal the State offered the testimony of the sheriff to this effect:

"A  I asked him how come that he went in, he and Mr. Cummings went into the Diamond International after hours, and at that time Mr. Marin said, 'Well, he had a key.' There was something spoken about drinking at the time. I asked him if he had been in their with Cummings drinking, and he stated 'Yes.'

"Q.  After hours?

"A  Yes, this was after hours.

"Q  Now, did Mr. Marin state to you that he believed the person he was in there with had authority to be there?

"A  I asked this question; I said 'How come you went in there after hours?' and he said, 'Well, I supposed he had a right to; he had a key.'

"And then I said 'Well, did you think you could stack things up to carry out?' and he just shrugged his shoulders like this (indicating) and didn't give me any answer.

"Q  By 'he,' you mean the defendant?

"A  Mr. Marin."

■  The record makes it clear that the statement of appellant to the sheriff was not admissible as part of the State's case in chief because of a lack of a "Miranda" mandated warning. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

We see no violation of the "discovery" rule.

As we interpret the defendant's motion for discovery and the court's order thereon, the State had furnished all the appellant sought by the motion.

There were in fact, the record reveals, no "written or recorded statements of conversations made by the defendant."

The appellant now argues that because of a typographical error which he made in the motion, which he says should have been obvious as a typographical error to the attorney for the State, his intention that the State be required to reveal all "witnessed" conversations should be given effect.

If we gave effect to what he now says was his intention, he argues, we should conclude the rebuttal testimony was inadmissible by reason of what he says was the State's failure to comply with the discovery motion.

We do not agree.

No suggestion is made that the State deliberately concealed the fact of the appellant's conversation with the sheriff. We see no "due process" issue in this case.

■ The presiding Justice correctly ruled that the rebuttal testimony was not inadmissible either by reason of a due process denial or by reason of a violation of the "discovery" rule.

■ Although appellant has not specifically raised the issue in his points on appeal, we take this occasion to point out that although the inculpatory statement to the sheriff was not admissible as part of the State's case in chief by reason of the rule of *Miranda v. Arizona,* supra, later cases [*Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); *Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975)] make it clear that *Miranda* does not exclude the use of such evidence in rebuttal.

In the language of Mr. Chief Justice Burger, writing for the majority in *Harris,* supra:

"The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation wtih prior inconsistent utterances." 401 U.S. at 226, 91 S.Ct. at 646.

The entry must be:

Appeal denied.

DELAHANTY, J., did not sit.

All Justices concurring.